IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

July 1, 2010

RE: ALVA HARTWRIGHT V. SUPT PICKENS, ETAL
CA No. 10-1444

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rueter, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: _____
LINDA V. JERRY, Deputy Clerk

cc: Hartwright
    Diaz

Courtroom Deputy to Judge Fullam

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVA HARTWRIGHT | : | CIVIL ACTION |
| v. | : | |
| SUPERINTENDENT PICKENS, et al. | : | NO. 10-1444 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER　　　　　　　　　　　　　　　　　　　　　June 30, 2010
Chief United States Magistrate Judge

　　　　Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Petitioner is incarcerated at the State Correctional Institution at Laurel Highlands, Pennsylvania. The District Attorney for Bucks County filed a response to the petition on June 15, 2010 (Doc. No. 8), urging that the petition be dismissed as barred by the one-year statute of limitations applicable to habeas petitions. For the reasons stated below, this court recommends that the petition be dismissed as barred by the one-year statute of limitations.

**I.　BACKGROUND**

　　　　On February 6, 2003, petitioner pled guilty before the Court of Common Pleas for Bucks County to involuntary deviate sexual intercourse, sexual abuse of children and endangering the welfare of children (Nos. 2002-06272). On May 22, 2003, the Honorable Kenneth G. Biehn sentenced petitioner to an aggregate term of fifteen to thirty years imprisonment.

　　　　Petitioner appealed to the Superior Court raising the issue that the trial court erred in denying his petition to withdraw his guilty plea. The Superior Court affirmed the judgment of sentence in an opinion filed on July 12, 2004. Commonwealth v. Hartwright, 859 A.2d 830 (Pa.

Super. Ct. 2004) (Table). On November 18, 2004, the Pennsylvania Supreme Court denied petitioner's request for review. Commonwealth v. Hartwright, 863 A.2d 1143 (Pa. 2004) (Table).

On February 9, 2006, petitioner filed a petition for post-conviction relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. The court appointed counsel and held a hearing on February 7, 2007. By Order and Opinion dated March 8, 2007, the court denied the PCRA petition. On January 22, 2008, the Superior Court dismissed petitioner's appeal from the denial of PCRA relief. The court dismissed the appeal because petitioner's appellate brief was defective and did not comply with the Pennsylvania Rules of Appellate Procedure 1925, 2111 and 2118. Commonwealth v. Hartwright, 947 A.2d 825 (Pa. Super. Ct. 2008) (Table). On February 18, 2009, the Pennsylvania Supreme Court denied petitioner's request for review. Commonwealth v. Hartwright, 965 A.2d 244 (Pa. 2009) (Table). On February 7, 2010, petitioner executed and later, on February 11, 2010, filed the instant habeas petition in the United States District Court for the Western District of Pennsylvania raising numerous claims for relief. By Order dated March 30, 2010, the court transferred the petition to this court. On May 6, 2010, petitioner filed a revised habeas petition. On June 15, 2010, the Commonwealth filed a response asking that the petition be dismissed as untimely.

## II. DISCUSSION

A habeas petition must be filed in a timely manner. Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and in relevant part provides:

2

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S. 944 (2001).

On direct appeal, the Supreme Court of Pennsylvania denied petitioner's request for review on November 18, 2004. For the purposes of Section 2244(d)(1)(A),[1] petitioner's conviction became final on February 16, 2005, when the time for seeking certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13; Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (a judgment does not become "final" until the time for seeking certiorari expires,

---

[1] None of the other potential "start dates" contained in § 2244(d)(1)(A) apply to the instant habeas case.

3

even if defendant does not file such a petition). Accordingly, petitioner had until February 16, 2006, plus any time during which the statute of limitations was tolled, to file a timely habeas petition. The instant petition filed on February 11, 2010, was filed almost four years after the AEDPA statute of limitations expired. The instant petition must be dismissed unless the deadline was subject to statutory or equitable tolling.

A. **Statutory Tolling**

The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed PCRA petition. See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations). On February 9, 2006, seven days prior to the expiration of the statute of limitations, petitioner filed in the state court a PCRA petition. Petitioner's subsequent appeal of the denial of his PCRA action ended on February 18, 2009, when the Pennsylvania Supreme Court denied his request for allowance of appeal. See Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) ("[T]he time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2).").

Thus, petitioner had seven days, until February 25, 2009, to file a timely habeas corpus petition in this court. Petitioner failed to do so, but instead waited almost one year after the expiration of the limitations period to file his petition. Thus, the habeas petition filed in the

Western District of Pennsylvania, on February 11, 2010, was time-barred.[2] For all these reasons, petitioner's habeas petition is untimely and should be dismissed, unless the principles of equitable tolling apply.

B. **Equitable Tolling**

Petitioner has not shown that the statute of limitations should be equitably tolled. The Supreme Court of the United States has held that the federal habeas statute of limitations is subject to equitable tolling. Holland v. Florida, 2010 WL 2346549, at *9 (U.S. June 14, 2010). Equitable tolling is allowed only if petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at *12 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner has failed to show that he exercised reasonable diligence in pursuing his claims. Furthermore, petitioner has neither alleged nor proven that he has "in some extraordinary way" been prevented from asserting his rights. Petitioner offers no plausible explanation for filing the instant habeas petition approximately one year after the AEDPA statute of limitations expired. For all these reasons, the principles of equitable tolling do not toll the AEDPA statute of limitations with respect to the instant habeas petition.

---

[2] Petitioner's failure to comply with the statute of limitations is not excused by the prisoner "mailbox rule," which applies to all petitions filed by pro se inmates. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"). The instant petition was dated February 7, 2010. Using this date for the purposes of the mailbox rule, the petition remains untimely by approximately one year.

## III. CONCLUSION

Accordingly, the court makes the following:

### RECOMMENDATION

AND NOW, this 30th day of June, 2010, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, that petitioner's petition for extraordinary relief (Doc. No. 9) be **DENIED**[3], and that no certificate of appealability ("COA") be granted.[4]

Petitioner may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

THOMAS J. RUETER
Chief United States Magistrate Judge

---

[3] On June 24, 2010, petitioner filed a petition for extraordinary relief (Doc. No. 9) seeking discovery and additional time to file a reply to the response in order to obtain such discovery. A habeas petitioner is not entitled to discovery as a matter of course, but upon a showing of good cause. See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied, 512 U.S. 1230 (1994); Rules Governing Section 2254 Cases in the United States District Courts Rule 6. The discovery petitioner seeks in his petition for extraordinary relief does not relate to the AEDPA statute of limitations, but to the merits of his claims. Because the petition is barred by the statute of limitations, petitioner has failed to make a showing of good cause for discovery on the merits and, therefore, the petition for extraordinary relief should be denied. See generally Poland v. Lawler, 2010 WL 1881463, at *1 (E.D. Pa. May 7, 2010).

[4] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALVA HARTWRIGHT : CIVIL ACTION

v. :

SUPERINTENDENT PICKENS, et al. : NO. 10-1444

**ORDER**

AND NOW, this         day of              , 2010, upon careful and independent review of the Report and Recommendation of Thomas J. Rueter, Chief United States Magistrate Judge, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus (Doc. No. 1) is **DISMISSED**;

3. Petitioners's petition for extraordinary relief (Doc. No. 9) is **DENIED**; and

4. A certificate of appealability is not granted.

BY THE COURT:

_____
JOHN P. FULLAM,                    J.